George McCauslan, Plaintiff, *v.* Zoar Holding Company, Inc.,
and Another, Defendants.

William H. Keating, Plaintiff, *v.* Zoar Holding Company, Inc.,
and Another, Defendants.

Supreme Court, New York County, January 10, 1928.

Mortgages — bonds given to insure erection of buildings on mortgaged premises — mortgages were foreclosed, resulting in deficiency judgment in favor of each plaintiff — plaintiffs are not entitled to full penalty of bond but only to damage shown by deficiency on foreclosure — plaintiffs not entitled to attorneys' fees in foreclosure action — plaintiffs not entitled to amount of lien on each parcel as to which property was sold subject.

This is an action to recover on bonds given to insure the erection of buildings against which plaintiffs held mortgages. There was a default in the performance

of the contract and the mortgages were foreclosed. The final result was a deficiency judgment in favor of each of the plaintiffs. While the mortgages were executed on December 29, 1924, and the bonds on January 26, 1925, the two transactions are to be considered as one, and the plaintiffs are limited to the damages caused by the failure of the property, on the foreclosure sale, to bring the full amount of the mortgages, and they are not entitled to the full amount of the bonds.

The plaintiffs are not entitled to recover the amount paid to attorneys in the foreclosure action for the bonds were not given to guarantee the payment of the mortgages, but to guarantee the erection of the buildings in conformity with the contract.

The plaintiffs are not entitled to the amount of liens with interest, the property having been sold subject to such liens, for the presumption is that the property was worth the amount of the liens plus the amount bid on the foreclosure sale.

ACTION on a bond given to insure the erection of a building of a given type.

*L. E. French,* for the plaintiffs.

*R. L. Spiegelgass,* for the defendants.

PETERS, J.   The plaintiff in each of these cases demands a judgment for $6,000, the full amount of a bond given to insure the erection, upon each of the separately mortgaged premises, of a building of a given type, although the actual money loss suffered by each plaintiff was the sum of seventy-two dollars in the form of a deficiency judgment rendered in each action brought to foreclose the mortgage owned by each plaintiff on the properties in question. Because the mortgages were made December 29, 1924, and the surety bonds were not executed until January 26, 1925, plaintiffs argue that there is no connection between the two and that, therefore, the plaintiffs are not limited to the damages caused by the failure of the property sold under foreclosure, to bring the full amount of the mortgages, but that each plaintiff is entitled to the full amount of his bond because on May 30, 1925, the last day upon which suit could be brought on the bond, the houses had not been erected on the lots in pursuance of the agreements and the bonds in question. The plaintiffs were mortgagees of the property in question and there is no question despite the difference in time between the execution of the mortgages and of the bonds but that the bonds were given as a further security for the payment of the mortgage debts. As the plaintiffs had no interest other than as mortgagees in the premises in question there could have been no other purpose for which the bonds in question were executed and given. Plaintiffs rely on the case of *Kidd* v. *McCormick* (83 N. Y. 391). As to this case counsel for plaintiffs says: " In the *Kidd* v. *McCormick* case, foreclosure of the purchase money mortgage had evidently preceded the then action on the bond; and yet the

court ignores the damage, if any, in the foreclosure action and finds that the damage for default under the bond must be ' the difference in value between the buildings then on his hands unfinished and the houses as they would have been if completed according to the contract.· This seems to us the rule that will give him full compensation.' " While that statement is made by the Court of Appeals in a general discussion of the rule of damage, the actual decision of the Court of Appeals was the affirmance of a judgment which confirmed the report of a referee. The referee while finding the difference between the value of the houses when abandoned and what they would have been if they had been finished, *applied this difference in reduction of the deficiencies on the foreclosure sale* and reimbursed plaintiff from the indemnity fund which had been set up, that portion of the deficiency which had been caused by the failure to complete the houses. It is, therefore, apparent that the case relied upon is no authority for plaintiffs' position. The condition of the bond in question was " now, therefore, the condition of this obligation is such, that if the principal shall indemnify the obligee against any loss or *damage directly arising* by reason of the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect." The contention of plaintiffs is disposed of by the case of *Westcott* v. *Fidelity & Deposit Company of Maryland* (87 App. Div. 497). Each of the plaintiffs further contends that if the rule of damage is limited to the loss sustained in the foreclosure action then he is entitled to two additional items of damage. The first is the sum of $250 for attorney's fees in each of the foreclosure actions. This is not an element of damage under the bonds in question for the reason that the bonds did not guarantee the payment of the mortgage. If the mortgages had not been paid the plaintiffs would have had to incur the expenses in question even if the bonds in question had not been given. The next item claimed is the sum of $2,356.25 in each case, being·the principal of a lien on each lot plus interest, as to which the property was sold subject. Each plaintiff contends·that he has been compelled to expend this amount of money in addition to the amount bid. The answer, however, is that in each case it must be presumed that the property was worth the amount of the lien plus the amount bid by each plaintiff on the sale, otherwise he would not have paid the price he did subject to the lien and interest. These items are, therefore, not proper elements of damage in the cases at bar. The foreclosure proceedings which were brought after the date upon which suit could be brought on the bonds in question, merely fixed the amount of damages to which plaintiff was entitled. If there had been no

foreclosure proceedings brought prior to the trial of this action the plaintiffs might have recovered their damages, if any, suffered by them on May 30, 1925, due to the fact that the houses had not been erected, but they would have had to introduce proof as to the value of the premises as they were on that date, for *non constat* the value of the premises on that date might have been more than sufficient to have satisfied the mortgages. Plaintiffs have introduced no such proof in this case.

The defendants' motions to dismiss in each case are, therefore, denied with an exception to the defendants and a verdict is directed for the plaintiff in each case in the sum of seventy-two dollars, with interest.